

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable H. A. Jamison
Commissioner of Banking
Austin, Texas

Dear Sir:

Opinion No. O-6186
Re: Whether the Banking
Board may make its
approval of application
for a new bank condi-
tional.

We have your letter of recent date, reading as follows:

"We invite your attention to Article 5 Chapter III of the Texas Banking Code, and particularly that section of the same which reads as follows:

"'Provided, however, that the State Banking Board may make its approval of any application conditional, and in such event shall set out such condition in the resolution granting the charter, and the Commissioner shall not deliver the certified copy of the articles of association until such condition has been met, after which the Commissioner shall in writing inform the State Banking Board as to compliance with such condition and delivery of the Articles of Association.'

"In the consideration of this section of the law it has been our thought that the same might well be invoked in respect to any condition which the Banking Board might be disposed to specify, provided such condition bears a direct relationship to any one or all of the five specific factors which the Board is required to determine in the affirmative if it approves any application for charter.

"We should like for your opinion to advise specifically as to whether or not the State Banking Board may require applicants under any given charter to increase their capital structure in whatever amount as may be deemed adequate by the Banking Board, and whether or not the Banking Board might specify as a condition that the proposed bank be admitted as a member of the Federal Deposit Insurance Corporation as a condition precedent to engaging in the banking business.

"Further we should like advice as to whether or not such a condition or conditions, if imposed by the Banking Board might be rescinded by it on its own motion if it should be determined that compliance with such condition or conditions was wholly beyond the control of the incorporators."

*H-8th* Subsection III, Article 5 of Chapter 97, Acts of 43rd Legislature reads as follows:

"Applicants shall file with the Commissioner an application for charter on such form and include therein such information as may be prescribed by the Commissioner, and the proposed articles of association; shall pay an investigation fee as prescribed under Article 3921, Revised Statutes of Texas, 1925, and deposit with the Commissioner charter fees as prescribed by law. The Commissioner shall thereupon make a thorough investigation and report his findings to the State Banking Board.

"In considering any such application, the State Banking Board shall, after hearing, determine whether or not:

"1. A public necessity exists for the proposed bank.

"2. The proposed capital structure is adequate.

"3. The volume of business in the community where such proposed bank is to be established is such as to indicate profitable operation of the proposed bank.

"4. The proposed officers and directors have sufficient banking experience, ability and standing to render success of the proposed bank probable.

"5. The applicants are acting in good faith.

"Should the State Banking Board determine any of the above issues adversely to the applicants, it shall reject the application. Otherwise such Board shall approve the application and the Commissioner shall, when the capital has been paid in in cash and the franchise tax paid, deliver to the incorporators a certified copy of the articles of association, and the bank shall come into corporate existence. Provided, however, that the State Banking Board may make its approval of any application conditional, and in such event shall set out such condition in a resolution granting the charter, and the Commissioner shall not deliver the certified copy of the articles of association until such condition has been met, after which the Commissioner shall in writing inform the State Banking Board as to compliance with such condition and delivery of the articles of association."

It is clear from the foregoing that the Banking Board may make its approval conditional, but we think the condition imposed would have to be germane to one or more of the five factors set out in the foregoing article. The Board could require the applicants to increase the capital structure, since that would be germane to the second factor mentioned in the law. The Board could refuse to grant the charter if it deemed the capital insufficient, and hence could impose a condition requiring applicants to increase same, if the Board deemed the capital insufficient. But that would not be true with respect to a condition that the proposed bank be admitted as a member of the Federal Deposit Insurance Corporation. The Board would not have authority to reject an application if the applicants should refuse to apply for member-

ship therein, and, therefore, could not impose such a condition upon the applicants for a charter.

In answer to your last question you are advised that the Board, in its discretion, may rescind any condition imposed by it when it determines that compliance therewith is wholly beyond the control of the incorporators.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By C. F. Gibson
C. F. Gibson
Assistant

CFG:ep

APPROVED
OPINION
COMMITTEE
BY _____
CHAIRMAN